◆AO 245B    (Rev. 9/00) Judgment in a Criminal Case
             Sheet 1

FILED

# UNITED STATES DISTRICT COURT
AUG 23 PM 3: 18

SOUTHERN DISTRICT OF CALIFORNIA
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| MICHAEL STEVEN TWOMBLY | BY: |
| | Case Number: 06CR1715-LAB |
| | BRIAN J. WHITE |
| | Defendant's Attorney |

REGISTRATION NO. 99932198

☐

THE DEFENDANT:
☒ pleaded guilty to count(s)   ONE OF THE SUPERSEDING INFORMATION

☐ was found guilty on count(s) _____
    after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1037(a)(4) and 18 USC 2 | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | SS1 |

    The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  The underlying indictments   is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment : $ 100.00

☒ No fine

    IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

AUGUST 20, 2007
Date of Imposition of Sentence

*Larry A. Burns* (signature)

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

Entered Date:

06CR1715-LAB

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
           Sheet 4—Probation

Judgment—Page __2__ of __4__

DEFENDANT: MICHAEL STEVEN TWOMBLY
CASE NUMBER: 06CR1715-LAB

# PROBATION

The defendant is hereby sentenced to probation for a term of:
    3 YEARS

## MANDATORY CONDITIONS

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.
The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).
*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

06CR1715-LAB

AO 245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 4 — Continued 2 — Probation

Judgment—Page __3__ of __4__

DEFENDANT: MICHAEL STEVEN TWOMBLY
CASE NUMBER: 06CR1715-LAB

## SPECIAL CONDITIONS OF SUPERVISION

☒ Not possess any firearm, explosive device or other dangerous weapon.

☒ Abstain from alcohol.

☒ The defendant shall use his true name in leasing remote computer servers.

☒ Submit to a search of person, property, residence, abode or vehicle, including computers at a reasonable time and in a reasonable manner, by the probation officer.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☒ Court will consider terminating probation if restitution is paid in full.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Participate in a mental health treatment program as directed by the probation office.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within _____ days.

☒ Complete 100 hours of community service in a program approved by the probation officer within ONE YEAR.

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Reside in a Residential Reentry Center (RRC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

☐ Remain in your place of residence for a period of _____, except while working at verifiable employment, attending religious services or undergoing medical treatment.

☐ Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

☐ Comply with the conditions of the Home Confinement Program for a period of _____ months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Cooperate as directed in the collection of a DNA sample.

06CR1715-LAB

AO 245S     Judgment in Criminal Case
              Sheet 5 — Criminal Monetary Penalties

Judgment — Page **4** of **4**

DEFENDANT: MICHAEL STEVEN TWOMBLY
CASE NUMBER: 06CR1715-BEN

# RESTITUTION

The defendant shall pay restitution in the amount of    $1600.00    unto the United States of America.

This sum shall be paid      immediately.
                          **X**   as follows:

Pay restitution in the amount of $1600.00 through the Clerk, U.S. District Court, to the victims listed (see attached list), payable forthwith or within 90 days, if not at the rate of $100.00 per month. This restitution liability will be jointly and severally with codefendant Joshua Eveloff.

The Court has determined that the defendant   does not   have the ability to pay interest. It is ordered that:

**X**    The interest requirement is waived.

      The interest is modified as follows:

06CR1715-BEN

1. Gadi Hus
   BIZNESSHOSTING, INC.
   1914 NW 127th Terrace
   Pembroke Pines, FL

2. Brian Jankovich
   VAULT NETWORKS
   200 Southeast First Street, Suite 703
   Miami, Fl
   954-818-0907

3. RICK BENISH
   WEBCODERS
   1411 Johnson Street
   Onalaska, WI

4. JIM THOMAS
   BOCACOM
   4950 Communication Ave., Suite 110
   Boca Raton, FL

5. JAMES DAHAN
   NETMART, INC.
   218 Southern Country Ln.
   Quincy, FL

6. KEVIN HAMILTON
   METRAPOLIS
   11470 SW 20th Street
   Miramar, FL

7. MATTHEW O'NEILL
   APLUS
   10350 Barnes Canyon Rd.
   San Diego, CA

8. QUINN COLEMAN
   ADVANCES.COM
   7810 Northwest 4th Street
   Plantation, FL

9.     NEAL HISCOCK
        ATLANTIC.NET
        2815 NW 13th Street,
        Suite 201
        Gainesville, FL

10.    CRAIG VANGORDEN
        PREMIER INNOVATIONS, LLC
        3250 Wilshire Blvd., Suite 301
        Los Angeles, CA

11.    **MATTHEW BURTON**
        **BURTON HOSTING**
        **Sitwell Street, Suite 29**
        **Scarborough, North Yorkshire, UK**

12.    DENISE KASSEM
        VALUE WEB/AFFINITY INTERNET
        101 Continental Blvd., Suite 300
        El Segundo, CA
        310-524-3144

13.    ANDREA ALMEIDA
        EV1
        1333 North Stemmons Fwy., Suite 110
        Dallas, TX

14.    **BRIAN SHEPARD**
        **CANADA WEB HOSTING**
        **151 Front St. West**
        **Toronto, Ontario Canada**

15.    JESS COBURN
        APPLIED INNOVATIONS
        6401 N. Congress Avenue, Suite 200
        Boca Raton, FL

16.    JAMES ECKELS
        CI HOST
        1901 Central Drive #750
        Bedford, TX

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA )   CASE NUMBER 06CR1715LAB
vs )   ABSTRACT OF ORDER
Michael S. Twombly )   Booking No. 99932198

TO THE UNITED STATES MARSHAL AND / OR WARDEN, METROPOLITAN CORRECTIONAL CENTER:

Be advised that under date of 8/20/07 the Court entered the following order:

✓ Defendant be released from custody.
✓ Defendant placed on supervised / unsupervised probation / supervised release. PROBATION 3 yrs.
___ Defendant continued on supervised / unsupervised probation / supervised release and released from custody.
___ Defendant released on $_____ bond posted.
___ Defendant appeared in Court. FINGERPRINT & RELEASE.
___ Defendant remanded and ( ___ bond) ( ___ bond on appeal) exonerated.
___ Defendant sentenced to TIME SERVED, supervised release for ___ years.
___ c.c. judgment Court of Appeals ( ___ affirming) ( ___ reversing) decision of this Court: ___ dismissing appeal filed.
___ Bench Warrant Recalled.
___ Defendant forfeited collateral.
___ Case Dismissed.
___ Defendant to be released to Pretrial Services for electronic monitoring.
✓ Other. Dft on bond

LARRY A. BURNS
UNITED STATES MAGISTRATE JUDGE DISTRICT
OR
W. SAMUEL HAMRICK, JR. Clerk
by Deputy Clerk

Received DUSM

Crim-9   (Rev 6-95)                                                                 ☆ U.S. GPO: 1996-783-398/40151

CLERKS' COPY